Annette Kazmerski (SBN 211364)
annette.a.kazmerski@newegg.com
Newegg Inc.
16839 East Gale Avenue
City of Industry, California 91745
Telephone: (626) 271-9700
Facsimile: (626) 271-9480

Kent E. Baldauf, Jr. (PA I.D. No. 70793)
kbaldaufjr@webblaw.com
Cecilia R. Dickson (PA I.D. No. 89348)
cdickson@webblaw.com
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd., Ste. 1200
Pittsburgh, Pennsylvania 15222
Telephone: (412) 471-8815
Facsimile: (412) 471-4094

Attorneys for Defendant and Counter-Plaintiff Newegg Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| e.DIGITAL CORPORATION,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CREATIVE LABS, INC.; CREATIVE TECHNOLOGY, LTD.; BUY.COM, INC.; J&R ELECTRONICS, INC.; NEWEGG INC.,<br><br>　　　　Defendants.<br><br>NEWEGG INC.,<br><br>　　　　Counter-Plaintiff,<br><br>　vs.<br><br>E.DIGITAL CORPORATION,<br><br>　　　　Counter-Defendant. | Case No.: 12-cv-2879-DMS (WVG)<br><br>**DEFENDANT NEWEGG INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES** |

# DEFENDANT NEWEGG INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES

## I. INTRODUCTION

The notion that e.Digital has been bullied by Newegg is specious. Rather, e.Digital's vitriol stems from Newegg refusing to roll over and agree to participate in e.Digital's attempt to leverage its patents to extract monetary settlements. e.Digital's Opposition Brief boils down to claiming Newegg is not entitled to recoup its fees because Newegg decided to not follow e.Digital's "plan" for how such litigation is supposed to go when e.Digital wanted Newegg to agree to a joint voluntary dismissal without prejudice. Indeed, in order to take swipes at Newegg in its Opposition, e.Digital has gone so far as to attach and detail in publicly-filed documents information that is clearly confidential. e.Digital publicly filed two exhibits (*see* Exhibits C and D to Opposition Brief (Dkts. 48-4 and 48-5)) that are labeled confidential settlement communications, and its lawyer submitted a declaration attesting to confidential settlement communications and information purportedly learned during a confidential ENE session (*see* Chalk Declaration (Dkt.48-1)). Moreover, many of the other exhibits attached to the Opposition Brief pertain to discussions stemming from settlement discussions and though not labeled as confidential, these additional documents are also arguably governed by Federal Rule of Evidence 408. e.Digital's Opposition Brief further claims to detail aspects of Newegg's confidential Early Neutral Evaluation Conference Statement required by the Court's February 20, 2013 Order (Dkt. 26), even though e.Digital never received a copy of the statement. Such conduct is wholly improper and strays from the permissible bounds of zealous advocacy.[1]

---

[1] Newegg has not requested that e.Digital remove these records from the public domain, as, having already publicly disclosed them, the cat is out of the bag and there is nothing that e.Digital can do to restore the confidentiality required by Federal Rule of Evidence 408 and the rules of this Court in conducting settlement

Newegg's Reply Memorandum in Support of its Motion for Attorneys' Fees – 2

12cv2879

Newegg is not a passive defendant, and due to the conduct of plaintiffs like e.Digital, it has been forced to protect itself by taking a firm stance against any patent infringement litigation shakedowns. If e.Digital wants to term this a "business strategy," so be it. But it bears mention that such a "business strategy" is only necessitated by plaintiffs, like e.Digital, who abuse the district courts in an effort to obtain quick settlements in exchange for rescinding the expensive threat of patent litigation.

In its rush to chastise Newegg for filing its fee motion and derogate Newegg and its counsel,[2] e.Digital has misstated a number of facts that are plain from the record. In reply, Newegg hereby submits the following corrections.

---

conferences. *See*, *e.g.*, Exhibit 1 (blog posting suggesting these documents have been disseminated and widely viewed publicly, and specifically noting the attachments disclosed by e.Digital in the public discussion). Moreover, after this display, Newegg has no reasonable expectation that counsel for e.Digital will uphold the obligations of confidentiality. Newegg will reference these communications throughout this Reply (given e.Digital's determination to publicize these materials), to demonstrate the inaccuracies in e.Digital's Opposition Brief.

[2] e.Digital's Opposition Brief was the first time counsel learned of Ms. Chalk's mother's heart attack. As demonstrated in Exhibit H to the Opposition Brief (Dkt. 48-9), Ms. Chalk answered a request to identify if and when e.Digital intended to file a motion to dismiss (given impending deadlines to file additional case management and discovery plan documents). She responded to Newegg by indicating she had been delayed in filing her motion due to a "family emergency." No advance or other notice to anticipate a delay due to family circumstances was provided to Newegg, as suggested by Ms. Chalk's Declaration. If notice was provided to other defendants, it was not communicated to Newegg.

Newegg's Reply Memorandum in Support of its Motion for Attorneys' Fees – 3

12cv2879

## II. NEWEGG ADDRESSED THIS COURT'S ABILITY TO DECIDE THIS MOTION

Contrary to e.Digital's claim that Newegg has not addressed this issue, at page 18 of Newegg's Motion for Attorneys' Fees (Dkt. 46), Newegg indicated, as directed by the Court, that it does not object to Magistrate Judge Gallo deciding this Motion. e.Digital's claim that Newegg did not address this issue is wrong.

## III. NEWEGG DID NOT ALTER ITS ENE STATEMENT POSITION

Tellingly, e.Digital claims to know what Newegg said in its confidential Early Neutral Evaluation Conference Statement, even though it never saw or received a copy of it. Indeed, it is apparently basing this information on conversations held during the confidential mediation session. Suffice it to say, this document has not been made public, but this Court can review the confidential copy of Newegg's ENE statement that it received on April 23, 2013 in its entirety, and the Court can see that the settlement posture set forth in that letter is not the same as the terms that were offered by e.Digital on April 23, 2013, particularly in relation to the prejudice associated with the dismissal. *See* Opposition Brief at 3 (Dkt. 48). Moreover, Newegg's response to e.Digital's settlement proposal is consistent with that settlement posture and the position explicated in the full letter.

## IV. e.DIGITAL COULD HAVE MOVED FOR DISMISSAL

e.Digital states that after it filed its Complaint on December 4, 2012 and Newegg answered on December 31, 2012, "[i]n the meantime, e.Digital and Creative had been engaged in significant and productive settlement discussions." Opposition Brief at 3 (Dkt. 48). Creative had not answered at this stage because e.Digital extended all the responsive pleading deadlines for the manufacturing defendants as it tried to work out a settlement. If e.Digital's statement is true, e.Digital knew *several months* before it extended its offer of dismissal to Newegg on April 23, 2013 that it had no intention of actively pursuing claims of patent infringement against Newegg because it was nearing settlement with the manufacturing defendants. *See* e.Digital's *Ex Parte* Motion to Extend Responsive

Pleading Deadlines, at 3-4 (Dkt. 16) ("counsel for Creative Labs and Buy.com have indicated a willingness to discuss settlement of this matter. If a resolution can be reached in this matter, most likely such a resolution would be a global resolution that would resolve this case in its entirety as to all the parties.").

On April 23, 2013, e.Digital indicated a willingness to dismiss Newegg via a joint voluntary dismissal without prejudice based on e.Digital's belief that it would resolve the case with the manufacturer defendants. Time was of the essence at this stage because a joint discovery plan needed to be submitted on April 24, 2013, as well as initial disclosures that were due the same day.[3]

When Newegg indicated in response it would oppose such a motion (which is within its rights to do) and would continue forward in working on the joint discovery plan, e.Digital decided to not file a dismissal motion at all (even though the fact of settlement with Creative had not changed), and instead indicated that the parties should move forward with preparation of a joint discovery plan that included Newegg. *See* Ex. D to Opposition Brief (Dkt. 48-5). Just because Newegg refused to agree to a joint voluntary dismissal without prejudice does not mean that other procedural mechanisms to dismiss Newegg were unavailable to e.Digital or that it was proper for e.Digital to continue to litigate against Newegg.

## V. **NEWEGG IS A PREVAILING PARTY BECAUSE DISMISSING CREATIVE WITH PREJUDICE BARS A LATER SUIT AGAINST NEWEGG**

e.Digital's argument regarding prevailing party status fails to account for a significant nuance of this case – e.Digital sued the manufacturers of the alleged infringing products that Newegg is alleged to have sold and settled with prejudice

---

[3] Thus, the claim by e.Digital that Newegg did not have to do anything other than file an answer and counterclaim prior to being offered dismissal is false, as significant filing deadlines and initial disclosure deadlines fell on the day after e.Digital first made its initial dismissal offer.

with those manufacturers. As set forth in Newegg's Motion at 14 (Dkt. 46), by law and as acknowledged previously by e.Digital, recovery from a manufacturer and dismissal with prejudice bars any later duplicative recovery from a retailer of the same accused products. Newegg has effectively been dismissed with prejudice and thus should be considered a prevailing party.

e.Digital now claims, without legal support, that because Newegg refused e.Digital's offer of a dismissal without prejudice in the course of settlement discussions that refusal somehow means Newegg gave up its right to claim prevailing party status. Newegg is not obligated to accede to e.Digital's demand to dismissal without prejudice.

## VI. NEWEGG HAS NO INTEREST IN PROLONGING LITIGATION

e.Digital argues that Newegg sought to prolong this case. Nothing could be further from the truth. Plaintiffs like e.Digital may assume that there is no harm when they elect to release defendants from litigation in the way e.Digital proposed to jointly voluntarily dismiss Newegg without prejudice, but such an assumption ignores all of the costs that these nuisance suits impose on Newegg – in the form of lost time Newegg personnel have to spend tracking down information for counsel; in the form of money that Newegg has to spend on legal counsel; and in the form of reputational harm that Newegg sustains by being repeatedly named in all of these cases. As has been repeatedly and consistently stated, the only way that Newegg is able to contain these costs is to hold plaintiffs like e.Digital responsible for the harm they inflict. e.Digital may not like this approach, but it is a response to a situation that plaintiffs like e.Digital have created.

e.Digital states "e.Digital and Creative settled at the ENE conference", which was held on May 1, 2013 Opposition Brief at 4-5 (Dkt. 48). Yet, for whatever reason, e.Digital did not notify the Court of such dismissal until May 22, 2013, after Newegg was required to participate in further discovery planning and

case management, as deadlines approached including a May 24, 2013 deadline for submission of preliminary reports.[4]

## VII. NEWEGG'S FEES ARE JUSTIFIABLE

It is common, should the Court determine that it intends to award some amount of fees, to allow for submission *in camera* of the legal invoices.[5] However, for obvious reasons relating to privilege, Newegg did not provide more detail relating to specific tasks, billing rates, division of work, etc. in its moving papers, but did provide some figures to advise the Court and e.Digital of the

---

[4] As e.Digital well knows, this case was transferred to several different judges as a result of a series of recusals. When the case was eventually assigned to Judge Sabraw, Judge Sabraw ordered additional submission of discovery-planning and case management information that was different in substance and form from what had previously been prepared by e.Digital and the defendants in this case. *See* May 6, 2013 Order (Dkt. 38). Judge Sabraw required coordination across all of the different e.Digital cases. Indeed, Exhibit G to the Opposition Brief (Dkt. 48-8) is not an email that acknowledges that Newegg does not have to file the papers it was ordered to file by Judge Sabraw; rather, that email seeks e.Digital's position on how to handle this issue with the Court in light of the fact that a case-specific discovery plan had previously been filed when the case was assigned to a different judge, and inquires if there are other defendants across the 22 civil actions who are in a similar position. Newegg needed to determine how to handle conflicting provisions and if e.Digital, as the one common party to all of these cases, had already developed a method to address this issue. As is clear form this email, it was not a foregone conclusion that e.Digital would be dismissing Newegg any time soon.

[5] Just because Gordon M. Fauth did not notice his appearance in this case does not mean his fees are not recoverable for the legal work he did in relation to this case. His invoices, like those of The Webb Law Firm, can be submitted *in camera* to Judge Gallo.

Newegg's Reply Memorandum in Support of its Motion for Attorneys' Fees – 7

12cv2879

magnitude of fees at issue and the general tasks completed. Now, having seen e.Digital's counsel's complete disregard for notions of confidentiality, Newegg is willing to provide such invoices to the Court but has serious reservations about providing any such information to counsel for e.Digital, even under a protective order or non-disclosure agreement. All of e.Digital's claims that the fees reported seem dubious are based on improper speculation about how time was spent. If the Court is inclined to award some amount of legal fees, the details can and will be provided for the Court's *in camera* consideration.

One issue which can be addressed now is e.Digital's claim that Newegg only participated in conferences to prepare court-ordered documents and submissions to run up fees. Opposition Brief at 22 (Dkt. 48). Not so. Newegg was under Court Order to participate in conferences and submit joint discovery reports, and Newegg complied with those directives. Newegg only elected to not appear for the telephonic hearing before Judge Sabraw on May 29, 2013 because Judge Sabraw had already entered a dismissal order on May 24, 2013 (Dkt. 44).

## VIII. *MiTAC* DISMISSAL TIMING DEMONSTRATES

On May 19, 2013, a notice of settlement was filed with the Court in the *MiTac* case. *e.Digital Corporation v. MiTac Digital Corporation, et al.*, Civ. A. No. 3:12-cv-02997 (Dkt. 38). However, prior to the filing of that dismissal, on April 26, 2013, e.Digital dismissed Newegg from the case voluntarily before its responsive pleadings were due and a mere 2 days after Newegg explained in this case it would not buy in to e.Digital's joint voluntary dismissal without prejudice gambit (Dkt. 30). For e.Digital to now suggest it settled with *MiTac* and then dismissed Newegg is belied by the public docket.

## IX. CONCLUSION

For all of these reasons, e.Digital should be held accountable for the fees it forced Newegg to incur in defending itself in litigation that e.Digital never actually intended to pursue, particularly after settlement was achieved with the

manufacturing defendants.  Newegg stands ready to supply, *in camera*, whatever further information the Court may need to finalize a fee award amount.

Date: July 19, 2013  By:  /s/ Cecilia R. Dickson

Kent E. Baldauf, Jr.
kbaldaufjr@webblaw.com
Cecilia R. Dickson
cdickson@webblaw.com
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd., Ste. 1200
Pittsburgh, Pennsylvania 15222
Telephone:  (412) 471-8815
Facsimile:   (412) 471-4094

Annette Kazmerski
annette.a.kazmerski@newegg.com
SBN 211364
Newegg Inc.
16839 East Gale Avenue
City of Industry, California 91745
Telephone:  (626) 271-9700
Facsimile:   (626) 271-9480

*Attorneys for Defendant and Counterclaim Plaintiff Newegg Inc.*

Newegg's Reply Memorandum in Support of its Motion for Attorneys' Fees – 9

12cv2879

## **CERTIFICATE OF SERVICE**

On July 19, 2013, I hereby certify that a true and correct copy of **DEFENDANT NEWEGG INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR ATTORNEYS' FEES** has been served via the Court's ECF system upon the following:

> Pamela Chalk, Esquire
> Anton N. Handal, Esquire
> Gabriel G. Hedrick, Esquire
> pchalk@handal-law.com
> anh@handal-law.com
> ghedrick@handal-law.com
> (*Attorneys for Plaintiff*)

/s/ Cecilia R. Dickson

Attorney for Defendant and Counterclaim Plaintiff Newegg Inc.

Newegg's Reply Memorandum in Support of its Motion for Attorneys' Fees – 10

12cv2879